IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FRANK WAYNE REINKE,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA ZENT and LAMOR CLARK,<br><br>Defendants. | CV 15-00070-BLG-SPW-CSO<br><br>ORDER |

Plaintiff Frank Reinke filed a Complaint alleging Defendants, two state probation officers, conspired to interfere with Reinke's custody of his son and to have him incarcerated. *Cmplt. (ECF 1)*.[1] Pursuant to the review required by 28 U.S.C. §§ 1915, 1915A, the Court found that Reinke's allegations failed to state a federal claim for relief and raised concerns regarding whether the case should be stayed pending resolution of Reinke's state and federal criminal proceedings. Reinke was given an opportunity to file an amended complaint to clarify his

---

[1] "ECF" refers to the document as numbered in the Court's Electronic Case Files. *See* The Bluebook, A Uniform System of Citation, § 10.8.3. References to page numbers are to those assigned by ECF.

1

claims and the status of his criminal proceedings.  *ECF 8*.  Reinke filed a Motion to Stay on December 7, 2015 (*ECF 10*) and an Amended Complaint on December 22, 2015 (*ECF 11*).  Because state and federal criminal proceedings remain pending, Reinke's Motion for Stay of Civil Action (*ECF 10*) will be granted and this matter will be stayed pending resolution of Reinke's state and federal criminal actions.

## I.  State Court Proceedings–*Younger* Doctrine

Challenges to ongoing state criminal proceedings are barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  The doctrine is based on the strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff.  *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968).  *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41).  Abstention also applies to federal

2

civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention *sua sponte*. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998) (noting that the district and appellate courts can raise the issue sua sponte).

A federal court must abstain under *Younger* if four requirements are met: (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc); *Amerisource Bergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

All the elements of *Younger* abstention are established in this

case. First, Reinke indicates his two misdemeanor convictions arising from the October 28,2014 incident have been appealed to the district court. Thus, there are ongoing state proceedings and the first requirement has been met. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 3–4, 10 (1987) (finding that the court should have abstained under *Younger* while the state proceeding was pending on appeal). Secondly, these proceedings revolve around important state interests to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing. Third, Reinke has an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights. Reinke has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his constitutional rights relative to his

4

prosecution.  Fourth, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves.  Because any decisions in this action regarding whether Reinke was falsely arrested or maliciously prosecuted in violation of his rights under the United States Constitution would directly interfere with the state criminal proceeding, *Younger* mandates that this Court abstain from adjudicating Reinke's claims.

Where monetary damages are sought, the federal court should stay the matter under *Younger* rather than dismiss those claims until after the state court proceedings are no longer pending.  *Gilbertson v. Albright*, 381 F.3d 965, 981-982 (9th Cir. 2004); s*ee also Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-690 (9th Cir. 2009).  Accordingly, Reinke's claims regarding arising from the October 28, 2014 incident will be stayed.

## II. Federal Court Proceedings--*Heck v. Humphrey*

In light of the pending state and federal court criminal proceedings involving the incidents raised in Reinke's complaint, a stay of Reinke's claims is also appropriate under *Heck v. Humphrey*, 512

5

U.S. 477 (1994). As set forth in the Court's prior Order, the Court must stay Reinke's claims for false arrest pursuant to *Wallace v. Kato,* 549 U.S. 384 (2007) given the pending criminal charges against Reinke.

### III. Conclusion

Reinke's claims will be stayed until the state and federal court criminal proceedings against Reinke – including appellate review – are completed. Reinke's Motion for Stay of Civil Action (*ECF 10*) will be granted.[2]

Based upon the foregoing, the Court issues the following:

### ORDER

1. Reinke's Motion for Stay of Civil Action (*ECF 10*) is GRANTED. This case is stayed pending resolution of the state and

---

[2]Because an order issuing a stay is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A) and is not dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, it is within the province of a magistrate judge's authority. *Touton, S.A. v. M.V. Rizcun Trader*, 30 F.Supp.2d 508, 510 (E.D. Pa.1998) ("[T]he Court finds that neither the grant of the stay of proceedings . . . , nor the lift of said stay, constituted 'injunctive relief' in excess of the Magistrate Judge's authority under § 636(b)(1)(A)."). *See also S.E.C. v. CMKM Diamonds, Inc.,* 729 F.3d 1248, 1260 (9th Cir. 2013) (magistrate judge has authority to rule on motion to stay where said ruling is not dispositive of any claim or defense).

federal criminal charges against Reinke.

2. Reinke must file a report on the status of his criminal charges every six months until such time as his criminal charges have been resolved. If Reinke desires to continue with this case after disposition of the criminal charges against him, he must request the stay be lifted within thirty days of disposition of the criminal charges, unless an appeal of his state court charges is filed. If he appeals, any request to lift the stay must be filed within thirty days of completion of the appellate process.

3. At all times during this action, Reinke shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 14th day of January, 2016.

                                        _/s/ Carolyn S. Ostby_
                                        United States Magistrate Judge